AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

## United States District Court

**District** Massachusetts

| Name    Luis Hernandez | Prisoner No.   W67994 | Case No. |
|---|---|---|

| Place of Confinement    MCI-Cedar Junction |
|---|

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Luis Hernandez | V.    John Marshall    Acting Superintendent |

The Attorney General of the State of: Massachusetts Thomas Riley

### PETITION

1. Name and location of court which entered the judgment of conviction under attack    Hampden County

   Superior Court, Springfield, MA 01102-0559

2. Date of judgment of conviction   April 14, 2000-indictments 99-639 and 99-640; September 21, 2000 indictments 00-338 and 00-339.

3. Length of sentence <u>Indictment 99-639 2 years and one day stand committed; 99-640</u> 2 1/2 to 3 years on and after sentence imposed in 99-639; 00-338 1 year and a day and from and after 00-338 and 99-640;00-339 2 years from and after 00-338.

4. Nature of offense involved (all counts)

   99-639: Possession of class A-heroin; 99-640:control substance school zone; 00-338: distribution of cocaine; and 00-339: comtrol substance school zone.

5. What was your plea? (Check one)
   - (a) Not guilty    ☒
   - (b) Guilty    ☐
   - (c) Nolo contendere    ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury
   - (b) Judge only    ☒

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  Massachusetts Appeals Court

   (b) Result

   (c) Date of result and citation, if known

   (d) Grounds raised


   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

       (1) Name of court  Masssachusetts SUpreme Judicial Court

       (2) Result


       (3) Date of result and citation, if known

       (4) Grounds raised


   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

       (1) Name of court

       (2) Result


       (3) Date of result and citation, if known

       (4) Grounds raised


10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒      No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  Norfolk Superior Court

        (2) Nature of proceeding  G.L.c. 248 Sections 1 and 25 state habeas corpus


        (3) Grounds raised  expired sentences

AO 241 (Rev. 5/85)

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐        No ☒

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
   (1) First petition, etc.          Yes ☐          No ☐
   (2) Second petition, etc.         Yes ☒          No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
   The state appeal process is ineffectived--inordinate delay-Hernandez
   will wrap-up sentence before the appeal is heard and decided.
   Pending on appeal in the Massachusetts Appeals Court

   the appellate process will take at least on year. The appeal

   have not been docketed. Hernandez current sentence expires on 12- 14-05

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
   Caution:  In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self–incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: _____ SEE ATTACHED PAGES _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

SEE ATTACHED PAGES

_____

_____

_____

_____

_____

B.    Ground two: _____ SEE ATTACHED PAGES _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

SEE ATTACHED PAGES

_____

_____

_____

_____

C.     Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

_____


D.     Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____


13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐        No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)    At preliminary hearing _____

    _____

    (b)    At arraignment and plea _____

    _____

AO 241 (Rev. 5/85)

(c)  At trial _____

_____

(d)  At sentencing _____

_____

(e)  On appeal _____

_____

(f)  In any post−conviction proceeding _____

_____

(g)  On appeal from any adverse ruling in a post−conviction proceeding _____

_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

Yes ☐          No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐          No ☐

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b)  Give date and length of the above sentence: _____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐          No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____

**Signature of Attorney (if any)**

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(date)

_____

**Signature of Petitioner**

(7)

Page A

## GROUND I

I.    **RESPONDENT REFUSAL TO CORRECTLY CALCULATE THE TAKING EFFECT DATE OF PETITIONER'S FROM AND AFTER SENTENCES ON INDICTMENTS 00-338 AND 00-339 IN ACCORDANCE WITH THE ORAL AND WRITTEN SENTENCE PRONOUNCEMENT AND AT EXPIRATION DATE OF THE SENTENCES IMPOSED ON INDICTMENTS 99-639 AND 00-338 ILLEGALLY EXTENDED THE TIME IN WHICH PETITIONER MUST SPEND IN CUSTODY WITHOUT NOTICE OR HEARING IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ENTITLE PETITIONER TO HIS IMMEDIATE RELEAS PURSUANT TO $ 2254**

Petitioner Luis Hernandez ("Hernandez"), on April 14, 2000 after a bench trial before Judge Curley was found guilty on indictment 99-639 (i.e. class A substance heroin) and sentence to 2 years and a day, stand committed.(Exhibit "1"). In addition, Hernandez was convicted on indictment 99-640 and sentence to 2 1/2 years to 3 years from and after the sentence imposed on indictment 99-639. (Exhibit "2").

On SSeptember 25, 2000 in Hampden County Superior Court Hernandez was sentence on indictment 00-338 to 1 year and a day from and after the sentence imposed on indictment 99-639.(Exhibit "3").

On September 25, 2000 Hernandez was sentence on indictment 00-339 to 2 years in the House of Correction from and after the sentence imposed on indictment 00-338. (Exhibit "4").

On September 25, 2000 the Superior Court (Wernick, J.) in Hampden County Superior Court, in his oral pronouncement of the sentence, explicitly sentence Hernandez on indictment 00-338 to serve one year and one day to run on after the sentences imposed on indictments 99-639 and 99-640. (Exhibit "5-8").

Page B

G.L.c. 279, Section 8A provides: "For the purpose only of determining the time of the taking effect of a sentence which is ordered to take effect from and after the expiration of a previous sentence, such previous sentence shall be deemed to have expired when a prisoner serving such previous sentence shall have been released therefrom by parole or otherwise."

Crooker v. Chairman of Massachusetts Parole Board, 38 Mass. App. Ct. 915 (1995) "From and after sentence takes effect when prisoner is released from earlier sentence by parole or otherwise; thus, where parole was serving one five-year sentence and received two additional five-year sentences to be served from and after first sentence, he began to serve second set of sentences on date he was released on parole."

"If a judge has the intention that the sentences he is imposing should be in addition to the aggregate of all previous sentences he should sentence "from and after the expiration of all previous sentences which the defendant has been ordered to serve." Henschel V.Commissioner of Correction, 368 Mass. 130, 133 (1975).

Where there is any ambiguity in the pronoucement of sentence, "the prisoner is entitled to have the language in the pronouncement construed most favorable to him." Gaddis v. United States, 280 F. 2d 334, 336 (6 Cir.1960). United States V. Mojabi, 161 F. Supp. 2d 33, 37-38 (D. Mass. 2001) "Where an unambiguous oral sentence pronounced by the court conflicts with the written judgment, the former controls." (citing United States V. Natanel, 7 F.3d 219 ( 1 Cir. 1993).).

Page C

In the case at bar, the sentence imposed on indictment
00-338 was  pronounced to run from and after the sentence imposed
on indictment 99-639; and the sentence imposed on indictment  00-339 was
pronounced to run from and after the "expiration of the sentence
imposed on indictment 00-338.(Exhibits 5 thru 8), however, the
respondent, incorrectly calculated; "that when a sentence is ordered
to run consecutive to multiple sentences, it takes effect after
the longer sentence". This is absurd, the case law is clear, that
"if a judge has the intention that the sentence he is imposing
should be in addition to the aggregate of all previous sentences
he should sentence from and after the expiration of all previous
sentences which the defendant has been ordered to serve." Id 368
Mass. at 133.

Here the judge merely sentence Hernandez on indictment 00-338
to 1 year and a day from and after the sentence imposed on indictment
99-639.(Exhibit        ). And on indictment 00-339 to 2 years in
the House of Correction from and after the sentence imposed on
indictment 00-338.(Exhibit    ).

The sentence imposed on indictment 99-639 expired on January
2, 2002,(Exhibit "1"), and the sentences imposed on indictment 99-
640 and 00-338 took effect as consecutive/concurrent sentences.
(Exhibit "2" and "3"). With the sentence imposed on indictment
00-338 expiring on or about January 4, 2003 (i.e. 1 year and a day).
The sentence imposed on indictment 00-339 took effect on or about
January 4, 2003, the expiration date of the sentence imposed on
indictment 00-338.  Hence, the sentence imposed on indictments
99-640 and 00-339 took effect; as consecutive/concurrent sentences.
(Exhibit          ).

Page D

On or about January 5, 2005 both the sentence imposed on indictments 99-640 and 00-339 expired and Hernandez wrapped up all of his sentences on January 5, 2005. Baranoski V. Commissioner of Correction, 1 Mass. App. Ct. 831, 832 (1973).

The court failure to comply with mandate in Henschel, supra creates ambiguity whether the consecutive sentences take effect after indictment 99-639 or 99-640. The ambiguity is clear, whether the sentence imposed on indictment 00-338 took effect after  99-639 expired and whether the sentence imposed on indictment 00-339 took effect on January 4, 2003 and thereby all sentences expired on or about January 5, 2005.

Hernandez is entitled to have the ambiguity in oral and written pronouncement of sentencing on indictments 00-338 and 00-339 construed in his favor.

Had the respondent correctly calculated Hernandez's sentences, Hernandez wrapped up all of his sentences on or about January 5, 2005.

Respondent refuses to calculate Hernandez sentences in accordance with law and this failure to correctly calculate Hernandez from and after sentences as taking effect after the expiration of the sentence imposed on 99-639 and 00-338 has extended Hernandez's sentences and time in custody without due process of law in violation of the fifth, sixth and fourteeenth amendments of the Unites Constitution.

Accordingly, this court should declare that all of Hernandez sentences expired on or before January 5, 2005 and thereafter releuse. Hernandez from this unlawful restraint immediately.

Page E

Pursuant to G.L.c. 279, Section 8A Hernandez correct sentence (i.e. from and after sentences) on indictment 00-338 began on January 2, 2002, the day Hernandez was discharged from the sentence imposed on indictment 99-639, and Hernandez second corrected from and after sentence on indictment 99-640 begun on January 2, 2002 the expiration date of the sentence imposed on indictment 99-639 (Exhibits 1 -4).

Thereafter, on January 3, 2003 Hernandez was discharged from the sentence imposed on indictment 00-338 and Hernandez from and after sentence on indictment 00-339 commenced.(Exhibit 4).

Finally, on January 5, 2005 Hernandez sentences on indictment 99-640; 00-338 and 00-339 all expired and Hernandez should have been discharged from all custody forthwith.

Accordingly, this court should order Hernandez discharge from all state custody forthwith.

## II.   HERNANDEZ IS EXEMPTED FROM EXHAUSTING HIS STATE REMEDIES ON GROUNDS OF INORDINATE DELAY IN THE STATE APPEAL PROCEEDINGS

Hernandez is exepmted from exhausting his state remedies where he was recently informed by the clerk of the Massachusetts Appeals Court that his appeal have not been dockted and that after his appeal is docketed; briefed and argued there will not be a ruling until about April, 2006, and Hernandez current incorrect sentences expires on December 14, 2005.

In the ordinary case, exhaustion of state remedies is a prerequisite to seeking habeas corpus release from a state judgment. Ex parte Hawk, 321 U.S. 114, 116-17, 64 S.Ct. 448 (1944).

Page F

The exhaustion doctrine, however, is not jurisdictional. Rather, it is a rule of comity. Fay v. Noia, 372 U.S. 391, 430-31 (1963). As such upon a showing of special circumstances, a district court can act in the in the absence of exhaustion. Frisbie V. Collins, 342 U.S. 519,521 (1952). Whether special circumstances exist calls for a factual appraisal by the court in each special situation. Frisbie, 342 U.S. at 521. In Stacky v. Dubois, United States District Court, District of Massachusetts No. 92-12018-MA (Spetmebr 8, 1992, Mazzone, D.J.) a fact similar case, the court held that the petitioner did not have to exhauste his state remedies.

In the present case, Hernandez appeal have not been docketed in the Massachusetts Appeals Court, the appeal is in progress, and Hernandez was recently informed by the clerk of the Appeals Court that after the appeal is docketed, briefed and argued, it will be at April, 2006 before a ruling is renedered. Hernandez current incorrect sentence expires on December 14, 2005.

Under the circumstances Hernandez's situation constitute inordinate delay and excuses Hernandez from exhausting his available state remedies.

Accordingly, Hernandez should not have to await a ruling from the Massachusetts Appeals Court.

# Commonwealth Of Massachusetts

*HAMPDEN, to wit:*                    *SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT*

*To the Sheriff of said County of Hampden, his Deputies, the Officers of the Court hereinafter named, and the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk,*

*Greeting:*

*WHEREAS, by the consideration of the Superior Court holden at Springfield within and for the County of Hampden for the transaction of Criminal Business, on the* 14th *day of* April *in the year of our Lord two thousand.*

LUIS HERNANDEZ, ALIAS of HOLYOKE in the COUNTY of HAMPDEN.

*now in custody of the Sheriff of said County of Hampden, convicted of the crime of*
UNLAW DISTR OF A CONTR SUBS (CL A-HEROIN) 94C/32(a)

*Date of offense:*  On or about January 13, 1999.

*committed at*     Holyoke          *, was sentenced to be confined in said Massachusetts Correctional Institution, Cedar Junction, for a term of not more than* 2     *years and one day and not less than*   2     *years and to stand committed in pursuance of said sentence.*

Credit 93 days agreed.

*WE, THEREFORE, COMMAND YOU, the said Sheriff, Deputies and Officers of said Court, to remove the said*    LUIS HERNANDEZ, ALIAS                    *from    the    Jail    in Springfield, in the said County of Hampden, to said Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk; and we command you, the said Superintendent to receive the said*
LUIS HERNANDEZ, ALIAS          *and immediately thereon to cause the said*   LUIS HERNANDEZ, ALIAS
*to be confined therein for a term of not more than* 2        *years and one day and not less than* 2   *years.*

*And for so doing this shall be your warrant; and you said Sheriffs and Officers are to make return of this warrant with your doings thereon to the office of the Clerk of said Superior Court in Springfield as soon as may be.*

*WITNESS, SUZANNE V. DELVECCHIO, ESQUIRE, Chief Justice of said Superior Court, at Springfield, this*   Fourteenth          *day of*    April          *in the year of our Lord two thousand and sealed with the seal of said Court.*

Elizabeth R. Jangrow          *Assistant Clerk*
                                    PEM/sk

*HAMPDEN, to wit:*

*In obedience to the within warrant, I have conveyed the within named Defendant to the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk, and delivered him to the Principal Officer thereof, with an attested copy of this warrant, and my return thereon.*

|  |  |  |
|---|---|---|
| Service . | .30 |  |
| Travel . |  |  |
| Copy . | .25 |  |
| R.R. Fare |  |  |

*Sheriff*

*Then personally appeared the said and made oath that the expenses above mentioned were necessarily incurred and the charges reasonable.*

*Justice of the Peace*

April 14, 2000    Not less than 2 years.    Not more than 2 and one day. years    LUIS HERNANDEZ, ALIAS    vs.    Warrant    INSTITUTION, CEDAR JUNCTION    MASSACHUSETTS CORRECTIONAL    No. 99-639

To the Superintendent of the receiving Correctional Institution: You are hereby commanded to withdraw from

LUIS HERNANDEZ, ALIAS      inmate savings or personal accounts, as a court-imposed assessment

the first    60.00    dollars deposited to those accounts, said sum to be paid to this court for deposit in the

Victim/Witness Assistance Fund pursuant to G.L. C. 258B, as amended by C. 694 sec. 1 of Acts of 1983.

By the Court.

Hon.    Thomas J. Curley, Jr.

(L. S.)

# Commonwealth Of Massachusetts

*HAMPDEN, to wit:*                                    *SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT*

*To the Sheriff of said County of Hampden, his Deputies, the Officers of the Court hereinafter named, and the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk,*

*Greeting:*

*WHEREAS, by the consideration of the Superior Court holden at Springfield within and for the County of Hampden for the transaction of Criminal Business, on the* 14th *day of* April        *in the year of our Lord two thousand.*

LUIS HERNANDEZ, ALIAS of HOLYOKE in the COUNTY of HAMPDEN,

*now in custody of the Sheriff of said County of Hampden, convicted of the crime of*
VIOL OF CONTR SUBS. LAW SCH/PK ZONE 94C/32J

*Date of offense:* On or about January 13, 1999.

*committed at*      Holyoke                , *was sentenced to be confined in said Massachusetts Correctional Institution, Cedar Junction, for a term of not more than* 3  *years*xxxxxxxxx *and not less than* 2½  *years and to stand committed in pursuance of said sentence.*

On & after sentence in 99-639

*WE, THEREFORE, COMMAND YOU, the said Sheriff, Deputies and Officers of said Court, to remove the said*   LUIS HERNANDEZ, ALIAS              *from the Jail in Springfield, in the said County of Hampden, to said Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk; and we command you, the said Superintendent to receive the said*
LUIS HERNANDEZ, ALIAS        *and immediately thereon to cause the said*   LUIS HERNANDEZ, ALIAS
*to be confined therein for a term of not more than* 3     *years and one day and not less than* 2½ *years.*

*And for so doing this shall be your warrant; and you said Sheriffs and Officers are to make return of this warrant with your doings thereon to the office of the Clerk of said Superior Court in Springfield as soon as may be.*

*WITNESS, SUZANNE V. DELVECCHIO, ESQUIRE, Chief Justice of said Superior Court, at Springfield, this*    Fourteenth       *day of*    April       *in the year of our Lord two thousand and sealed with the seal of said Court.*

A true copy.

Attest:

_____
John J. Fitzgerald          *Assistant Clerk*
                              PEM/sk



Assistant Clerk

*HAMPDEN, to wit:*

*In obedience to the within warrant, I have conveyed the within named Defendant to the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk, and delivered him to the Principal Officer thereof, with an attested copy of this warrant, and my return thereon.*

*Sheriff*

| | | |
|---|---|---|
| *Service* . | . | *.30* |
| *Travel* . | . | . |
| *Copy* . | . | *.25* |
| *R.R. Fare* | . | . |

*Then personally appeared the said and made oath that the expenses above mentioned were necessarily incurred and the charges reasonable.*

*Justice of the Peace*

*No.* 99-640

*MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR JUNCTION*

*Warrant*

LUIS HERNANDEZ, ALIAS

*vs.*

*Not more than 3 years and one day.*

*Not less than 2½ years.*

April 14, 2000

Maria Laderaute ssPO

(L. 8.) **Com..onwealth Of Massach..setts**

*HAMPDEN, to wit:*

*SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT*
*DOCKET NUMBER: 00-338*

*To the Sheriff of said County of Hampden, his Deputies, the Officers of the Court hereinafter named, and the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk,*
*Greeting:*

*WHEREAS, by the consideration of the Superior Court holden at Springfield within and for the County of Hampden for the transaction of Criminal Business, on the  Twenty-first day of  September   in the year of our Lord two thousand.*
*LUIS HERNANDEZ of Holyoke in the County of Hampden now in custody of the Sheriff of said County of Hampden, convicted of the crime of  Distr. cocaine 94C-32A(c)*
*Date of offense: on or about December 8, 1999*
*committed at  Holyoke  , was sentenced to be confined in said Massachusetts Correctional Institution, Cedar Junction, for a term of not more than  1 year and 1 day   and not less than  1 year   and to stand committed in pursuance of said sentence.*  on and after 99-639 and 99-640     Credit to be determined

*WE, THEREFORE, COMMAND YOU, the said Sheriff, Deputies and Officers of said Court, to remove the said  LUIS HERNANDEZ   from the Jail in Springfield, in the said County of Hampden, to said Massachusetts Correctional Institution, Cedar Junction, in the  said County of Norfolk;  and we  command you,  the said Superintendent  to receive the said   LUIS HERNANDEZ   and immediately thereon to cause the said  LUIS HERNANDEZ  to be confined therein for a term of not more than  1 year and 1 day  and not less than  1 year   and for so doing this shall be your warrant; and you said Sheriffs and Officers are to make return of this warrant with your doings thereon to the office of the Clerk of said Superior Court in Springfield as soon as may be.*

*WITNESS, SUZANNE V. DELVECCHIO, ESQUIRE, Chief Justice of said Superior Court, at Springfield, this  Twenty-fifth day of  September  in the year of our Lord two thousand  and sealed with the seal of said Court.*

_____ *Assistant Clerk*
_____ *MJS/sj*

*HAMPDEN, to wit:*
*In obedience to the within warrant, I have conveyed the within named Defendant to the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk, and delivered him to the Principal Officer thereof, with an attested copy of this warrant, and my return thereon.*

|  |  |  |  |
|---|---|---|---|
| *Sheriff* | | | |
| *Service* | . | . | .30 |
| *Travel* | . | . | . |
| *Copy* . | . | . | .25 |
| *R.R. Fare* | . | . | |

*Then personally appeared the said*
*and made oath that the expenses above mentioned were necessarily incurred and the charges reasonable.*

A true copy.

Attest:

_____
**Assistant Clerk**


# Con .onwealth of Massa. usetts

HAMPDEN, SS.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
DOCKET NUMBER : 00-339

To the Sheriff of our County of Hampden, and to the Keeper of the House of Correction in Ludlow, in and for our said County,

GREETING:

WHEREAS, by the consideration of our Justices of our Superior Court, holden at Springfield, within and for our County of Hampden aforesaid, on the  Twenty-first day of  September    in the year of our Lord two thousand.

LUIS HERNANDEZ of Holyoke in the County of Hampden  now in custody of said Sheriff, convicted of the crime

of Viol. contr. subs. law sch/pk zone 94C-32J

Date of offense: on or about December 8, 1999
on the Twenty-fifth     day of September     in the year of our Lord two thousand was sentenced to suffer imprisonment in the said  House of Correction, and to be confined to  HARD LABOR therein for the term of  2 years

and the said court did order him/her to stand committed, until he/she should be removed in execution of said sentence.   On and after 00-338

WE therefore command you, the said Sheriff, forthwith to remove the said ' LUIS HERNANDEZ      from our jail in Springfield aforesaid, to said House of Correction, and him/her safely deliver to the Keeper thereof; and WE also command you, the said Keeper, accordingly to receive the said   LUIS HERNANDEZ      into the said House of Correction and immediately thereon to cause the said   LUIS HERNANDEZ     to suffer imprisonment therein, and to be confined to hard labor in and within the precincts of the said House of Correction for and during the said term of   2 years   agreeably to the sentence aforesaid; and for so doing, this shall be a sufficient warrant. Hereof fail not, and make return of this Warrant, with your doings therein, into the office of the Clerk of our said Court, at Springfield aforesaid as soon as may be.

WITNESS, Suzanne V. DelVecchio, Esquire, at Springfield this Twenty-fifth   day of   September in the year of our Lord two thousand.

_____Assistant Clerk
_____MJS/sj_____

By virtue of this precept, I have taken the within named   LUIS HERNANDEZ      from the Jail of the County of Hampden and delivered him /her to the Keeper of the House of Correction in Ludlow in said County, to be detained and governed as is within directed, and at the same time delivered to the said Keeper an attested copy of this warrant and my return thereon.

Date returned:                                                      Sheriff of the County Hampden.

3

1          COMMONWEALTH    OF    MASSACHUSETTS

2

   Hampden, ss.          Superior Court Department
3                         of the Trial Court
                          Criminal Action No. 00-338
4                         & 00-339

5

6

   COMMONWEALTH OF MASSACHUSETTS
7
   V.
8
   LUIS HERNANDEZ
9

10

         SENTENCING HELD IN THE HAMPDEN
11
         COUNTY SUPERIOR COURT, 50 State
12
         Street, Springfield, Massachusetts,
13
         before Wernick, J., September 25, 2000.
14

15

16   APPEARANCES:

17          See Page 2

18
                    Vicki L. Britt
19          Licensed Shorthand Reporter

20

21

22

23

959 MAIN STREET    PHILBIN & ASSOCIATES, INC.    (413) 733-4078
4TH FLOOR                                        Pittsfield (413) 499-2231
SPRINGFIELD, MA 01103                            FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

11

1        the Clerk, please.

2             THE CLERK:   Luis Hernandez,

3        please stand.   Harken to sentence

4        which the Court has awarded against

5        you, to Indictment 00-338, charging

6        distribution of a Class B substance,

7        in consideration of the offense, the

8        Court orders you be punished by

9        confinement at the Massachusetts

10       Correctional Institute at Cedar

11       Junction for a period of not more

12       than one year and one day and not

13       less than one year; that sentence to

14       run on and after Indictments 99-639

15       and 99-640.

16            Your victim witness fee and your

17       drug fee have been waived by the

18       Court due to hardship.

19            Indictment 00-339, charging

20       violation of a park zone, in

21       consideration of the offense, the

22       Court orders you be punished by

23       confinement at the Hampden County

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1           House of Correction for a period of

2           two years; that sentence to run on

3           and after Indictment 00-338.

4               Your credit will be determined

5           between your attorney and the

6           District Attorney's Office.

7               Mr. Court Officer, the Defendant

8           is in your custody under sentence.

9               MR. RUBIN:   Thank you, Your

10          Honor.

11

12

13

14

15

16

17

18

19

20

21

22

23

959 MAIN STREET
4TH FLOOR
SPRINGFIELD. MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1    COMMONWEALTH OF MASSACHUSETTS
     COUNTY OF HAMPDEN

2

3        I, Vicki L. Britt, hereby certify that
     the foregoing is a true and accurate
4    transcript of my stenographic notes to the
     best of my knowledge and ability.

5

6        _____/Vicki R. Britt___
         Vicki L. Britt
7        Licensed Shorthand Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

959 MAIN STREET          PHILBIN & ASSOCIATES, INC.          (413) 733-4078
4TH FLOOR                                                   Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                       FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LUIS HERNANDEZ

## DEFENDANTS

JOHN MARSHALL

(b) County of Residence of First Listed Plaintiff _NORFOLK_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _NORFOLK_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS

☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

## VI. CAUSE OF ACTION

Brief description of cause: 28 USC § 2254

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                    DOCKET NUMBER

DATE  _9-26-05_

SIGNATURE OF ATTORNEY OF RECORD  _Luis Hernandez_

### FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**___ LUIS HERNANDEZ V. JOHN MARSHALL

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

    ___    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___    II.      195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    ___    III.      110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                      315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                      380, 385, 450, 891.

    ✓    IV.      220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                      690, 810, 861-865, 870, 871, 875, 900.

    ___    V.      150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**

                                                          YES           NO

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)**

                                                           YES           NO

    **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**

                                                           YES           NO

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**

                                                           YES           NO

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**

                                                           YES           NO

    **A.**      **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**

                **EASTERN DIVISION**                   **CENTRAL DIVISION**                   **WESTERN DIVISION**

    **B.**      **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?**

                **EASTERN DIVISION**                   **CENTRAL DIVISION**                   **WESTERN DIVISION**

Petitioner **(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** ___ pro se Luis Hernandez

**ADDRESS** ___

**TELEPHONE NO.** ___

(Cover sheet local.wpd - 11/27/00)