UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS HERNANDEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOHN MARSHALL, )<br>)<br>Respondent. )<br>) | Civil Action No. 05-11783-RCL |

## RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PETITION

Respondent John Marshall (the "Respondent") hereby submits this memorandum of law in support of his motion to dismiss the Habeas Corpus Petition (the "Petition") filed by Petitioner Luis Hernandez (the "Petitioner"), an inmate at the Massachusetts Correctional Institution at Cedar Junction ("MCI-Cedar Junction").[1] The Petitioner filed an incomplete Petition, failed to exhaust state remedies prior to seeking relief from this Court, should not be excused from the statutory exhaustion requirement, and asserts a claim that may be easily disposed of on the merits. His action should be dismissed.[2]

---

[1] Filed herewith is an Appendix containing documents relevant to the issue of whether the Petitioner previously exhausted state remedies, pursuant to this Court's Order of September 2, 2005. The offering of such documents should not be construed as implying that the Respondent considers the Petitioner to have fully complied with the statutory exhaustion requirement. In fact, the Respondent takes a position to the contrary, as discussed herein.

[2] Since the Petition must be dismissed for several grounds discussed herein, the Respondent only summarily addresses herein the merits of the Petition. Should this Court rule that the Petitioner may proceed with his habeas corpus action, the Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition in greater depth.

## BACKGROUND

<u>The Convictions on Indictment Nos. 99-639 and 99-640</u>

On March 31, 1999, the Petitioner was indicted by a Hampden County, Massachusetts, grand jury on a charge of unlawfully distributing a Class A controlled substance, heroin, made punishable by M.G.L. c. 94C, § 32(a) (No. 99-639); and a charge of violating a controlled substance law within a school or park zone, made punishable by M.G.L. c. 94C, § 32J (No. 99-640). (Hampden Docket No. 99-639, a true and accurate copy of which is attached to the Accompanying Appendix as <u>Exhibit A</u>; Hampden Docket No. 99-640, a true and accurate copy of which is attached to the Accompanying Appendix as <u>Exhibit B</u>; Indictment No. 99-639, a true and accurate copy of which is attached to the Accompanying Appendix as <u>Exhibit J</u>; Indictment No. 99-640, a true and accurate copy of which is attached to the Accompanying Appendix as <u>Exhibit K</u>.) On April 14, 2000, following a trial before the Honorable Thomas J. Curley, Jr. and a jury, he was found guilty on both charges. (Hampden Docket No. 99-639.) He was sentenced that day to serve between two years and two years and one day in MCI-Cedar Junction on the heroin distribution charge, No. 99-639, and to serve between two and one-half and three years in MCI-Cedar Junction on the school zone charge, No. 99-640. (<u>Id.</u>; Hampden Docket No. 99-640; Warrant for Indictment No. 99-639, a copy of which is attached to the Petition at <u>Exhibit 1</u>; Warrant for Indictment No. 99-640, a copy of which is attached to the Petition at <u>Exhibit 2</u>.) The Court ordered that the sentence in connection with Indictment No. 99-640 was to take effect on and after the sentence in connection with Indictment No. 99-640. (Hampden Docket No. 99-639; Hampden Docket No. 99-640; Warrant for Indictment No. 99-640.) The Court also gave the Petitioner credit for 93 days of time served, waived a drug assessment fee, and assessed a $60.00

victim-witness fee. (Hampden Docket No. 99-639.) On April 18, 2000, the Petitioner filed a Notice of Appeal with respect to his convictions on Indictments No. 99-639 and 99-640. (Id.)

The Petitioner appealed his sentence to the Appellate Division of the Superior Court, which ordered that the judgments in connection with Indictments No. 99-639 and 99-640 shall stand and dismissed the Petitioner's appeal on July 25, 2001. (Id.) The Petitioner's appeal of his conviction was entered on the docket of the Massachusetts Appeals Court (the "Appeals Court") on January 29, 2003. (App. Ct. Docket No. 2003-P-0141, a true and accurate copy of which is attached to the Accompanying Appendix as Exhibit E.) The Appeals Court affirmed the Petitioner's convictions in a decision issued pursuant to Rule 1:28 on December 10, 2003. (Id.) Commonwealth v. Hernandez, 60 Mass. App. Ct. 1106, 799 N.E.2d 606 (2003) (unpublished opinion), a true and accurate copy of which is attached to the Accompanying Appendix as Exhibit N. On the Petitioner's motion, the Appeals Court stayed the issuance of a rescript. (App. Ct. Docket No. 2003-P-0141.) The Petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC") on January 26, 2004, upon obtaining leave to file the same out of time. (SJC Docket No. FAR-13931, a true and accurate copy of which is attached to the Accompanying Appendix as Exhibit F; App. Ct. Docket No. 2003-P-0141.) The SJC denied the ALOFAR on March 10, 2004. (SJC Docket No. FAR-13931; App. Ct. Docket No. 2003-P-0141.) Commonwealth v. Hernandez, 441 Mass. 1104, 805 N.E.2d 44 (2004) (table decision), a true and accurate copy of which is attached to the Accompanying Appendix as Exhibit O. On March 12, 2004, the Appeals Court issued its rescript. (App. Ct. Docket No. 2003-P-0141.)

<u>The Convictions on Indictment Nos. 00-338 and 00-339</u>

On or about February 11, 2000, while the charges in connection with Indictment Nos. 99-639 and 99-640 were pending, the Petitioner was also indicted by a Hampden County, Massachusetts, grand jury on a charge of unlawfully distributing a Class B controlled substance, cocaine, made punishable by M.G.L. c. 94C, § 32A(c) (No. 00-338), and a charge of violating a controlled substance law in a school or park zone, made punishable by M.G.L. c. 94C, § 32J (No. 00-339).  (Hampden Docket. No. 00-338, a true and accurate copy of which is attached to the Accompanying Appendix as <u>Exhibit C</u>; Indictment No. 00-338, a true and accurate copy of which is attached to the Accompanying Appendix as <u>Exhibit L</u>; Indictment No. 00-339, a true and accurate copy of which is attached to the Accompanying Appendix as <u>Exhibit M</u>.)  On September 21, 2000, following a bench trial before the Honorable Lawrence B. Wernick, the Petitioner was found guilty in connection with Indictment Nos. 00-338 and 00-339.  (Hampden Docket. No. 00-338.)  On September 25, 2000, he was sentenced to serve between one year and one year and one day in MCI-Cedar Junction in connection with the conviction on Indictment No. 00-338.  (Hampden Docket No. 00-338; Warrant for Indictment No. 00-338, a copy of which is attached to the Petition at <u>Exhibit 3</u>.)  The applicable docket and warrant both explicitly state that the Court directed such sentence to be served "on and after 99-639 and 99-640." (Hampden Docket No. 00-338; Warrant for Indictment No. 00-338.)  Consistent with these documents, the transcript of the Petitioner's sentencing indicates that he was ordered to serve "not more than one year and one day and not less than one year [on Indictment No. 00-338]; that sentence to run on and after Indictments 99-639 and 99-640." (Tr. Sentencing, a copy of which is attached to the Petition at <u>Exhibit 5</u>, at 11; Pet. at Supp. Page A ("[T]he Superior Court . . . in his oral pronouncement of the sentence, explicitly sentence[d] Hernandez on indictment 00-338 to serve

4

one year and one day to run on and after the sentences imposed on indictments 99-639 and 99-640.").) The Petitioner, in fact, acknowledged the same in his briefs to the Appeals Court and the SJC. (Def.'s Br. & Record Appendix to App. Ct. at 2 ("The sentence [on Indictment No. 00-338] was imposed to run on and after sentences imposed on two unrelated indictments; 99-639 and 99-640."), a true and accurate copy of which is attached to the Accompanying Appendix as Exhibit U; Def.'s Mem. Supp. ALOFAR to SJC at 2 (same), a true and accurate copy of which is attached to the Accompanying Appendix as Exhibit W.) In addition to the foregoing, the Petitioner was sentenced on the same day to serve two years in the Hampden County House of Correction on and after the sentence imposed in connection with Indictment No. 00-338. (Hampden Docket No. 00-338; Warrant for Indictment No. 00-339; Tr. Sentencing at 11-12.) The Court waived victim-witness and drug fees. (Hampden Docket No. 00-338.)

On September 28, 2000, the Petitioner filed a Notice of Appeal in connection with his convictions on Indictment Nos. 00-338 and 00-339. (Id.) His appeal was entered on the docket of the Appeals Court on April 24, 2002. (App. Ct. Docket No. 2002-P-0617, a true and accurate copy of which is attached to the Accompanying Appendix as Exhibit G.) The judgments against him in connection with Indictment Nos. 00-338 and 00-339 were affirmed by the Appeals Court in a decision pursuant to Rule 1:28 on June 19, 2003. (Id.) Commonwealth v. Hernandez, 58 Mass. App. Ct. 1106, 790 N.E.2d 242 (2003) (unpublished opinion), a true and accurate copy of which is attached to the Accompanying Appendix as Exhibit P. The Petitioner then filed an ALOFAR with the SJC on July 9, 2003. (SJC Docket No. FAR-13530, a true and accurate copy of which is attached to the Accompanying Appendix as Exhibit H; App. Ct. Docket No. 2002-P-0617.) His ALOFAR was denied on September 5, 2003. (SJC Docket No. FAR-13530; App. Ct. Docket No. 2002-P-0617.) Commonwealth v. Hernandez, 440 Mass. 1102, 795 N.E.2d 573

(2003) (table decision), a true and accurate copy of which is attached to the Accompanying Appendix as <u>Exhibit Q</u>.

On January 21, 2005, the Petitioner filed a petition for a writ of habeas corpus in the Norfolk County, Massachusetts, Superior Court. (Norfolk Docket No. NOCV2005-00106, a true and accurate copy of which is attached to the Accompanying Appendix as <u>Exhibit D</u>.) On February 3, 2005, respondent David Nolan, then Superintendent of MCI-Cedar Junction, filed a motion to dismiss, or, in the alternative, for summary judgment, with respect to the state habeas corpus petition. (<u>Id.</u>) Treating it as a motion for summary judgment, the court allowed the motion on July 14, 2005. (<u>Id.</u>) It reasoned that "[t]he petitioner is not entitled to immediate release as his sentences have not expired. Several of his sentences are to be served consecutively and his last sentence has not yet begun. The petition is therefore denied." (<u>Id.</u>) The Petitioner filed a Notice of Appeal concerning this decision on July 27, 2005. (<u>Id.</u>) According to the Petitioner, he was informed by the Appeals Court Clerk that he could expect no decision to be rendered before April 2006. (Pet. at Supp. Page F.) By his own admission, he declined to wait for the completion of the appeals process and instead elected to file his Petition in the United States District Court on August 29, 2005. (<u>Id.</u>)

The Petitioner argues in his Petition that he was entitled to be released on January 5, 2005, but corrections officials misconstrued the manner in which his various sentences were to take effect and continue to hold him unlawfully. (Pet. at Supp. Pages A-E.) He appears to base this argument on a claim that the Superior Court directed his sentence in connection with Indictment No. 00-338 to begin on and after his sentence in connection with Indictment No. 99-

639 only, and that his sentences in connection with Indictment No. 00-640 and Indictment No. 00-338 were thus meant to run concurrently, not consecutively.  (Id.)[3]

**ARGUMENT**

I.      **<u>The Petition is incomplete.</u>**

Dismissal is first warranted on the ground that the Petition is incomplete.  Under Rule 2 of the Rules Governing Section 2254 Cases (the "Habeas Corpus Rules"), a petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."  Habeas Corpus Rule 2(d).  While the Petitioner did commence the instant habeas corpus action using such a form, he failed to supply much of the information called for thereon. (Pet.)  For example, he failed to provide information concerning his direct appeals in state court (Id. ¶ 9), whether any petitions or appeals filed on his behalf are still pending (Id. ¶ 14), the attorneys who have represented him in prior proceedings (Id. ¶ 15), and whether he has any future sentences to serve after he completes the sentence under attack (Id. ¶ 17).  Such information is important in order to enable the Respondent and the Court to develop a complete picture of the Petitioner's litigation history and to determine matters such as the extent to which his claims have been reviewed by state courts.  Its omission prejudices the Respondent.  Moreover, the information requested on the Court's form petition is limited and rather simple.  The Petitioner's failure to supply all such information should not be excused.

II.     **<u>The Petitioner failed to satisfy, and should not be excused from satisfying, the statutory requirement that he exhaust state remedies prior to filing his Petition.</u>**

In addition to the foregoing, the Petitioner is barred from pursuing this action because he failed to satisfy the statutory requirement that he exhaust state remedies prior to filing his

---

[3] The Petitioner's argument is not entirely clear, however.  For example, apparently viewing the terms "consecutive" and "concurrent" as synonymous, he states that "the sentences imposed on indictment 99-640 and 00-338 took effect as consecutive/concurrent sentences."  (Pet. at Supp. Page C.)

7

Petition. This exhaustion requirement is codified at 28 U.S.C. § 2254, which provides in relevant part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, Title I, § 104, 110 Stat. 1218 (effective April 24, 1996).

The exhaustion requirement is primarily designed to promote comity in our system of federalism, as the U.S. Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950), overruled in non-relevant part by Fay v. Noia, 372 U.S. 391 (1963)); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ("The exhaustion requirement . . . serves to minimize friction

between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."); Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) (explaining that exhaustion requirement embodies "the federal sovereign's respect for the state courts' capability to adjudicate federal rights"); Mele v. Fitchburg Dist. Court, 850 F.2d 817, 819 (1st Cir. 1988) (noting that exhaustion requirement "ensures that state courts have the first opportunity to correct their own constitutional errors," enables federal courts to accord appropriate respect for state sovereignty, and promotes comity by minimizing friction between federal and state justice systems). An additional benefit of the requirement is that "claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." Rose, 455 U.S. at 519.

A claim will only be found exhausted if both its factual and legal bases have been presented to state courts. See Nadworny, 872 F.2d at 1096 (stating that state prisoner must present both factual and legal underpinnings of claim to state courts for exhaustion requirement to be found satisfied); see also Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (noting that "setting forth the factual underpinnings of a claim is insufficient, in and of itself," as the "petitioner must also elucidate the legal foundation of his federal claim"). Moreover, it is not sufficient for a petitioner to raise his claim merely through a motion in state trial court or even an appeal to an intermediate court. Rather, he must "present, or do his best to present, his federal claim to the state's highest tribunal." Adelson, 131 F.3d at 263; see also Mele, 850 F.2d at 819-20 (stating that it has long been the rule that power of highest state court must be exhausted before federal court will consider questions posed in habeas petition, and Massachusetts petitioner was thus obliged to try to bring his constitutional objections before SJC in order to

preserve them for federal habeas review).  Thus, "a habeas petitioner bears a heavy burden" to show that his claims were "fairly and recognizably presented to the state courts."  Adelson, 131 F.3d at 262.

The Petitioner here does not even seek to satisfy that burden.  Instead, he concedes that he has not exhausted the claims raised in his Petition, noting that the appeal of the state habeas corpus petition in which he raised such claims "[has] not been docketed in the Massachusetts Appeals Court, the appeal is in progress, and [the Petitioner] was recently informed by the clerk of the Appeals Court that after the appeal is docketed, briefed and argued, it will be at April, 2006 [sic] before a ruling is rendered."  (Pet. at Supp. Page F.)  As he retains "the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c), and has not "do[ne] his best to present . . . his federal claim to the state's highest tribunal," Adelson, 131 F.3d at 263, he is correct in conceding that he has failed to exhaust state remedies.

There is no merit to the Petitioner's argument that he should be excused from the statutory exhaustion requirement on the ground that the Appeals Court's projected timeline would "constitute inordinate delay" and not provide him with a decision prior to his current release date.  (Pet. at Supp. Pages E-F.)  First, the Petitioner's assertion regarding the anticipated timeline for his appeal is not substantiated by any documentation from the Appeals Court and, in any event, is speculative.  These facts alone warrant rejection of his argument that he should be excused from exhaustion.  Cf. Sayyah v. Farquharson, 382 F.3d 20, 28 (1st Cir. 2004) (affirming dismissal of alien's habeas corpus petition for failure to exhaust administrative remedies, based in part on cases involving failures to exhaust state remedies under 28 U.S.C. § 2254, where petitioner failed to proceed with appeal because allegedly "he was presented with information

10

indicating that appeals to the [relevant administrative authority] were backlogged some five to eleven years," and "[b]are speculation of this sort . . . is no substitute for proof that [the petitioner] suffered or would have suffered prejudicial administrative delay").

Second, a delay in state adjudicatory processes will only excuse exhaustion where such delay is truly "inordinate," that is, where it is unreasonable and unjustifiable. See, e.g., Hall v. DiPaolo, 986 F.2d 7, 11 (1st Cir. 1993) (stating that delay of five years without justification might warrant setting aside of exhaustion requirement); Burkett v. Cunningham, 826 F.2d 1208, 1218 (3d Cir. 1987) (stating that "'inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy . . . ineffective to protect the rights of the prisoner,' excusing a lack of exhaustion," and finding delay totaling five and one-half years to be inordinate (quoting Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986) (alteration in original))); Wells v. Marshall, 885 F. Supp. 314, 317-18 (D. Mass. 1995) (Gorton, J.) (stating that "[t]he exhaustion doctrine will not be applied where the state system inordinately and unjustifiably delays review of a petitioner's claims," but finding that the state did not act "inordinately and unjustifiably" even though motion for new trial had been pending for over one year since new judge was assigned and for nearly four years total, in part because petitioner was partially responsible for delay); Englehart v. Raikey, 1993 WL 207773, at *6 (D. Mass. May 24, 1993) (Wolf, J.) (noting that federal courts have developed exceptions to exhaustion requirement where, for example, "inordinate delay by the state or the prosecution renders federal relief appropriate"). Here, even if the Petitioner's appeal of the dismissal of his state habeas corpus petition were indeed expected to consume seven or eight months, as the Petitioner claims, that would not be unreasonable or unjustifiable. Cf. Johnson v. Moran, 812 F.2d 23, 23 (1st Cir. 1987) (declining to excuse exhaustion, even though post-conviction petition was before state trial

court for nineteen months and had apparently been pending before state Supreme Court for several months, where "the state superior court had acted, if arguably somewhat tardily, on the state post-conviction petition" and the state Supreme Court "will soon act on the appeal"); Layne v. Gunter, 559 F.2d 850, 851 (1st Cir. 1977) (declining to excuse exhaustion based on delay where "state court appellate processes were presently available to the petitioner").

Cases where delays were found to be inordinate have involved much more egregious and inexcusable lapses of time. See, e.g., Hall, 986 F.2d at 11 (stating that unjustified delay of five years may warrant excusing of exhaustion requirement, and citing Dixon v. Florida, 388 F.2d 424, 425-26 (5th Cir. 1968) (concluding that exhaustion may be excusable after 19-month delay in processing appeal of post-conviction motion, and Odsen v. Moore, 445 F.2d 806, 807 (1st Cir. 1971) (concluding that three-year delay in processing direct appeal may excuse exhaustion)); Hankins v. Fulcomer, 941 F.2d 246, 250-52 (3d Cir. 1991) (excusing exhaustion where state court delayed nearly eleven years in deciding post-conviction motion, where it had ample opportunity to decide motion and no reasonable explanation for such delay, citing Wojtczak, 800 F.2d at 355 (finding delay of three and one-half years in considering petition for appeal to be inordinate), Burkett, 826 F.2d at 1218 (finding delay of three and one-half years between conviction and sentencing and further delay of nearly two years due to trial court hindrance of delay to be inordinate), and United States ex rel. Geisler v. Walters, 510 F.2d 887, 893 (3d Cir. 1975) (finding delay of three and one-half years in disposing of motion for new trial to be inordinate)); Simmons v. Reynolds, 898 F.2d 865, 867-70 (2nd Cir. 1990) (stating that exhaustion requirement did not require a petitioner to wait three years or more before seeking federal relief "before enlisting federal aid to expedite an appeal"); Brooks v. Jones, 875 F.2d 30, 31-32 (2d Cir. 1989) (finding eight-year delay by state court to be excessive, where state lacked

legitimate reason for delay, petitioner repeatedly asserted right to speedy hearing of appeal, and petitioner suffered prejudice).

Moreover, even where there has been great delay, some federal courts have allowed state courts a certain amount of time to conclude their adjudicatory processes where such processes appeared to be underway. See Brooks, 875 F.2d at 31-32 (affording state court sixty days to decide appeal before federal writ of habeas corpus would issue, where state court had delayed eight years in processing appeal but was expected to hear it "in the near future"); Burkett, 826 F.2d at 1218 (drawing distinction between delayed appeal that "now appears to be proceeding normally," and other delayed appeals that could not be expected to be received or disposed of soon, and affording state court opportunity to render decision on first); Wells, 885 F. Supp. at 318 (affording approximately four months to state court to rule on motion for new trial before renewed federal habeas corpus petition would be considered, where motion had been pending for over one year since new judge was assigned and nearly four years total). Surely an appeal that was commenced less than three months before the filing of the instant motion and that, according to the Petitioner, is expected to conclude within the next six months is entitled to be decided by the courts of Massachusetts.

No authority cited by the Petitioner compels a conclusion to the contrary. The United States Supreme Court's opinion in Frisbie v. Collins merely states the general proposition that district courts may set aside the exhaustion requirement in "special circumstances" and notes that "[w]hether such circumstances exist calls for a factual appraisal by the court in each special situation." 342 U.S. 519, 521 (1952). The September 8, 1992 opinion in Stacy v. DuBois that the Petitioner referenced provides even less support for the Petitioner's argument. No. 92-CV-

13

12018-ADM (D. Mass. Sept. 8, 1992) (Mazzone, J.).[4] That decision was unpublished, and the case docket suggests that the decision simply concluded that the respondent must respond to the petition and was superseded by a later decision dismissing the petitioner's action. (U.S.D.C. Docket No. 92-CV-12018-ADM (stating in Feb. 18, 1993 entry that "[t]he petitioner filed his petition originally in the Mass Superior Court where it was denied on 7/16/92. A notice of appeal was filed but on the basis of a claim that the appeal would not be heard until April, 1993, a date after the petitioner's scheduled release, this action was filed. CONCLUSION: In accordance with the above, the petition is DISMISSED."), a true and accurate copy of which is attached to the Accompanying Appendix as Exhibit I.)

In addition to the foregoing, excusing the exhaustion requirement would be particularly misguided here, because the appropriate route for advancing a claim such as that put forth by the Petitioner is by pursuing to completion a state petition for habeas corpus or petition to obtain personal liberty. See M.G.L. c. 248, §§ 1-34 (providing for issuance of writ of habeas corpus to obtain release from unlawful restraint or imprisonment); §§ 35-40 (providing for petition to obtain personal liberty).

In light of the Petitioner's complete failure to exhaust state remedies without any valid excuse, dismissal of the Petition at issue is warranted. See, e.g., Rose, 455 U.S. at 510 (affirming that statutory scheme requires dismissal of petition containing nonexhausted claims); Duckworth, 454 U.S. at 4 ("Because obvious constitutional errors, no less than obscure transgressions, are subject to the requirements of § 2254(b), the Court of Appeals was obligated to dismiss respondent's petition.").

---

[4] The Petitioner incorrectly identifies this case as "Stacky v. Dubois."

**III.     The Petition is based on a misperception of the facts and is lacking in merit.**

Notwithstanding the Petitioner's failure to satisfy the statutory exhaustion requirement, the instant habeas corpus action should be dismissed for want of merit. Denial of habeas corpus relief on the merits at this stage is fully consonant with this Court's authority under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The Petition advances the single argument that corrections officials have essentially miscalculated his release date by failing to recognize that his sentence in connection with Indictment No. 00-338 was intended to run concurrently, rather than consecutively, with his sentence in connection with Indictment No. 99-640. (Pet. at Supp. Pages A-E.) This argument, however, is based entirely upon the misperception that the Superior Court ordered the Petitioner's sentence in connection with Indictment No. 00-338 to be served on and after his sentence in connection with Indictment No. 99-639 only. (Id.) Rather, both the applicable docket entries and warrant explicitly state that the Petitioner was directed to serve his sentence in connection with Indictment No. 00-3338 "on and after 99-639 and 99-640." (Hampden Docket No. 00-338; Warrant for Indictment No. 00-338.) Moreover, contrary to the suggestion on Supplemental Page B of the Petition (Pet. at Supp. Page B), there was no variation between these written documents and the oral pronouncement made in court at the time of sentencing. As the Petitioner concedes one page earlier, the transcript of the sentencing hearing that he attached to his Petition indicates that he was ordered to serve "not more than one year and one day and not less than one year [on Indictment No. 00-338]; that sentence to run on and after Indictments 99-639 and 99-640." (Tr. Sentencing at 11; Pet. at Supp. Page A.) Indeed, the Petitioner

acknowledged in his appellate briefs to the Appeals Court and SJC that "[t]he sentence [on Indictment No. 00-338] was imposed to run on and after sentences imposed on two unrelated indictments; 99-639 and 99-640." (Def.'s Br. & Record Appendix to App. Ct. at 2; Def.'s Mem. Supp. ALOFAR to SJC at 2.) Thus, the premise undergirding the entire Petition is invalid, and the Petition must be found unsustainable.

## CONCLUSION

For the foregoing reasons, this Court should allow the Respondent's Motion to Dismiss Petition and dismiss the Petition in its entirety.

> Respectfully submitted,
>
> THOMAS F. REILLY
> Attorney General
>
> /s/ Randall E. Ravitz
> Randall E. Ravitz (BBO # 643381)
> Assistant Attorney General
> Criminal Bureau
> One Ashburton Place
> Boston, Massachusetts  02108
> (617) 727-2200, ext. 2852

Dated:  October 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on October 18, 2005, by first-class mail, postage prepaid, upon:

Luis Hernandez
W-67994
MCI – Cedar Junction
P.O. Box 100
South Walpole, MA  02071

pro se

> /s/ Randall E. Ravitz
> Randall E. Ravitz