UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS HERNANDEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOHN MARSHALL, )<br>)<br>Respondent. )<br>) | Civil Action No. 05-11783-RCL |

**RESPONDENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PETITION**

**INTRODUCTION**

Respondent John Marshall (the "Respondent") hereby submits this brief supplemental memorandum in support of his motion to dismiss the Habeas Corpus Petition (the "Petition") filed by Petitioner Luis Hernandez (the "Petitioner") in order to provide the Court with copies of two relevant decisions issued in connection with Mark Stacy v. Larry DuBois and Ronald Duval, Civil Action No. 92-12018-ADM in the United States District Court for the District of Massachusetts. The Petitioner relies upon one of these decisions to support his argument that he should be excused from his failure to exhaust state remedies on the ground that the denial of his state habeas corpus petition would not be reviewed by the Massachusetts Appeals Court before April 2006. (Pet. at Supp. Page F). He did not, however, attach a copy of that decision to his Petition. (Pet.) While neither decision in Stacy v. DuBois is of precedential value, the Respondent wishes to ensure that the Court has a complete and accurate picture of the decisions rendered in that case. These unpublished decisions did not become available to the Respondent until this date.

**ANALYSIS**

The attached decisions are consistent with the docket entries entered in the same case and referenced in the Respondent's Memorandum of Law in Support of His Motion to Dismiss Petition. (Resp't's Mem. Supp. Mot. Dismiss Pet. at 13-14.) Specifically, in the September 8, 1992 decision relied upon by the Petitioner, the Stacy court acknowledged the claim of the petitioner before it that he should be excused from exhaustion because his state court appeal would not be decided before his sentence is concluded. No. 92-12018-ADM, at 1-2 (D. Mass. Sept. 8, 1992) (Mazzone, J.), a true and accurate copy of which is attached hereto as Exhibit A. While it cited a Tenth Circuit opinion for the proposition that exhaustion may be excused when state procedures become ineffective, the Stacy court at that time did no more than direct the respondent to respond to the petition because the petitioner had "stated a claim for which he is entitled to relief." Id. at 2.

Of greater significance is the Stacy court's final decision dismissing the petitioner's habeas corpus action on February 18, 1993. No. 92-12018-ADM, at 1-2 (D. Mass. Feb. 18, 1993) (Mazzone, J.), a true and accurate copy of which is attached hereto as Exhibit B. On that date, upon a more thorough review of the issue, the court rejected the petitioner's argument that he should be excused from exhaustion. Id. The court reasoned that "[t]he delay, of about nine months, is not unreasonable in itself and the petitioner has not sought expedited review nor has he sought any further relief in the state court." Id. For support, it cited Johnson v. Moran, 812 F.2d 23, 24 (1st Cir. 1987), an opinion relied upon by the Respondent here (Resp't's Mem. Supp. Mot. Dismiss Pet. at 11-12). No. 92-12018-ADM, at 2 (D. Mass. Feb. 18, 1993) (Mazzone, J.). The Stacy court further noted that the issues raised by the petitioner had been decided by state

courts, thus giving him "an opportunity for full and fair litigation of his claim." Id. (citing Stone v. Powell, 428 U.S. 465 (1976)).

The reasoning of the Stacy court applies equally to the instant case. Here, the adjudicatory delay anticipated by the Petitioner is no greater than that expected by the petitioner in Stacy, and the Petitioner has not pointed to any efforts he has made to expedite his state appeal or seek further relief. (Pet.) Moreover, the delay argument raised by the Petitioner here appears to have been considered and rejected by the Superior Court in deciding on his state habeas corpus petition. (Norfolk Docket No. NOCV2005-00106, Exhibit D to Appendix Accompanying Resp't's Mot. Dismiss Pet. ("The petitioner is not entitled to immediate release as his sentences have not expired. Several of his sentences are to be served consecutively and his last sentence has not yet begun. The petition is therefore denied.").) There thus remains no basis for excusing his failure to satisfy the requirement in 28 U.S.C. § 2254 that he exhaust state remedies before seeking federal habeas corpus relief.

## CONCLUSION

For the foregoing reasons, the Respondent continues to request that this Court allow the Respondent's Motion to Dismiss Petition and dismiss the Petition in its entirety.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

 /s/ Randall E. Ravitz
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  October 19, 2005

3

**CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the above document was served on October 19, 2005, by first-class mail, postage prepaid, upon:

Luis Hernandez
W-67994
MCI – Cedar Junction
P.O. Box 100
South Walpole, MA  02071

pro se

                                            /s/ Randall E. Ravitz
                                          Randall E. Ravitz