UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. <u>05-11783-RCL</u>


LUIS HERNANDEZ,
Petitioner

V.

JOHN MARSHALL
Respondent

---

<u>PETITIONER'S RESPONSE TO RESPONDENT MOTION TO DISMISS</u>

Petitioner Luis Hernandez, pro se hereby submit this Memorandum of Law in Opposition to Respondent's Motion to Dismiss. On three specific grounds:

    I.    RESPONDENT'S CONFISCATION AND DESTRUCTION OF PETITIONER'S LEGAL PAPERS PREVENTED PETITIONER FROM COMPLYING WITH RULE 2 (d)

Respondent's confiscation and destruction of Hernandez criminal appeal case file prevented Hernandez from inserting the date of the State Appeals Court decision on his direct appeal and the results of that appeal, and thereby equitably tolled Hernandez's compliance with Rule 2(d) of the Rules governing Section 28 USC Section 2254 federal habeas corpus petition, and Hernandez decided not to insert the incorrect date and information, since he was required to sign the petition under the pains and penalties of perjury.

Statutory filing deadlines are generally subject to the decree of waiver, estoppel and equitable tolling." United States V. Locke, 471 U.S. 841, 849 N. 10 (1985). Equitable tolling is a doctrine that permit courts to extend a statute of limitation on a case-by-case basis to prevent inequity. Johnson v. Wyach Hosp., 86 F.3d 8, 12 (2 Cir. 1996).

The court "has allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct." Irwin v. Department of Veteran's Affairs, 498 U.S. 89, 96 (1990).

In the case at bar, the respondent's confiscation and destruction of Hernandez criminal appeal case file while he was confined at Old Colony Correctional Center (OCCC), prevented Hernandez from inserting the date of his direct appeal and the appellate courts decisions and thereby equitably tolled the time for inserting the date of his direct appeal and appellate decisions.

In June, 2003 Hernandez was confined in the general population of OCCC. (Affidavit of Luis Hernandez, Exhibit A, para. 3-4. On January 22, 2004 Respondents removed Hernandez from the general population of OCCC and placed him in the segregation unit and confiscated his personal property and criminal appeal case file.(Aff'd, EX."A").

On April 14, 2004 respondents transferred Hernandez to MCI-Cedar Junction. Subsequently, on or about May, 2004 Respondents returned Hernandez's confiscated personal property and legal material however, upon close inspection, Hernandez discovered that several

items of his personal property, including his criminal appeal case file were missing, Hernandez, immediatedly complained to MCI-Cedar Junction property officer and was told that he received exactly what were shipped from OCCC. (Aff'd, EX."A"  ).

On August 25, 2005 when Hernandez prepared the instant federal habeas corpus form he was without his criminal appeal case file and the necessary documents and information for insertion into the federal habeas corpus form (i.e. date that the state appellate courts decided his direct appeal and the result of that appeal) and Hernandez could not insert and incorrect date and information, because the petition must be signed under the pains and penalties of perjury. (Aff'd , EX."A"  ).

In any event, the respondent as part of his opposition included Hernandez criminal appeal case, thus, Hernandez hereby seek leave to amend the habeas corpus form to include the omitted information as follows:

    9(b)--Result-affirmed

    9(c)-Date of result and citation 12/1003: 1:28 decision;

    9(d)--Grounds raised: The evidence was not sufficient to warrant a guilty verdict on the charge of cocaine distribution of cocaine within a PARK: AND THAT the police witnesses improperly testified

    9(e)(2)--denied

    9(e)(3)---September 5, 2003;

    9(f)--no;

Accordingly, Respondent's claim that the "petition is incomplete" is now moot.

3

II.  HERNANDEZ SPECIFICALLY INVOKED 28 USC SECTION 2254(B)(ii)INEFFECTIVENESS OF STATE REMEDIES AND POTENTIAL LOSS OF JUSTICIABILITY UPON EXPIRATION OF HIS CURRENT STATE SENTENCE AND SUBSEQUENT TRANSFER TO THE CUSTODY OF COUNTY JAIL

28 USC Section 2254(B)(ii)provides in relevant part, as follows:

> "(B)(i) there is an absence of available state corrective process or (ii) circumstances exists that render such process ineffective to protect the rights of the applicant."

### Ineffectiveness of state remedies

It is well established that "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that <u>there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner</u>." (Emphasis added). Frisbie v. Collins, 72 S.Ct.509, 511, N. 4 (1952).

"Whether such circumstances exist call for a factual appraisal by the court in each special situation. Determination of this issue, like others, is largely left to the trial court subject to appropriate review by the court of appeals." Id 72 S.ct. at 511. See also Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671,1673-74 (1987).

In the case at bar, the State trial court treated Hernandez's state habeas corpus petition as a motion for summary judgment, an summarily denied the motion, in a margin order, as such, Hernandez, pending appeal in the Massachusetts Appeals Court No.05-P-1490 will proceed on the normal civil action track.

4

Hernandez State appellate brief is currently due on or about November 29, 2005, and the Commonwealth's brief is due thirty (30) days thereafter. (Affidavit, EX."A"), and under "Standing Orders of the Supreme Judicia Court--time within which cases may be determined by the appellate courts- "cases should be decided within 130 days after argument or submission without argument". By the time the Commonwealth file its brief, Hernandez will have wrapped up his State sentence that was imposed on indictment 00-338, said sentence expires on December 13, 2005.(Aff'd, EX. "A", and released from state custody, to the custody of the Sheriff of Hampden County to begin serving the two(2) year House of Correction sentence imposed on indictment 00-339.

Furthermore, on October 26, 2005 Hernandez mailed to the Massachusetts Appelas Court for filing a motion to expedite appeal pursuant to Mass. R.App. P. 2. Hernandez contacted the clerk's office on or about Ocotber 28, 2005 and was told that most likely the motion will be denied. (Affidavit, EX. "A").

Where Hernandez sentence will expire prior to the Appeals Court rendering a decision on his pending appeal and prior to the Commonwealth filing its brief, on or about December 29, 2005.and where Hernandez currewnt illegal sentence expires on December 13, 2005, special circumstances exists to excuse exhaustion of State remedies, on grounds of ineffectiveness.

## POTENTIAL LOSS OF JUSTICIABILITY

It is well established that "Courts will only consider a justiciable controversy, as distinquished from a hypothetical difference or dispute or one that is academic or moot." <u>Aetna Life Ins. Co. V. Haworth</u>, 300 U.S. 227, 239, 57 S.Ct. 461,463.

Under <u>Wilwording V. Swenson</u>, 404 U.S. 249, 92 S.Ct. 407 (1971): the exhaustion requirement does not errect insuperable or successive bariers to the invocation of federal habeas corpus. The exhaustion requirement is merely an accommodation of our federal system designed to give the State an inital opportunity to pass upon and correct alleged violations of its prisoners federal rights.(quoting <u>Fay v. Noia</u>, 372 U.S. 391,438, 88 S.Ct. 822 (1963)). Petitioners aRe not required to file repetitious applications in the state courts.(quoting <u>Brown v. Allen</u>, 344 U.S. 443,449, N.3, 73 S.Ct. 397, 403 (1953)). Nor does the mere possibility of success in additional proceeeding bar federal relief." Id 92 S.Ct. at 409.

<u>Chitwood v. Dowd</u>, 889 F.2d 781, 785 ( 8 Cir. 1989) "Chitwood, in contrast, challenges the actual time of his sentence, which is rapidly elapsing and potentially mooting his claim. Chitwoods special circumstances arise, then, not necessarily as a matter of futility, but rather as potential loss of justiciability."

In the present case, Hernandez's current sentence on indictment 00-338 will expire on December 13, 2005 and Hernandez will be immediately released from Respondent's custody and

6

transferrred to Hampden County to serve the County sentence imposed on indictment 00-339 that expired on January 4, 2005.

Once Hernandez is transferred to the County Officials, the Respondent and State official will file a motion to dismiss on grounds of mootness, since the current sentence will have expired and Hernandez will no longer be in their custody.

Accordingly, special circumstances excusing complete exhaustion of state remedies under 28 USC Section 2254(B)(i) exists.

>    III.    UNDER G.L.C. 279, SECTION 8A PETITIONER'S
>            FROM AND AFTER SENTENCE ON THE SENTENCE
>            IMPOSED ON INDICTMENT 00-338 TOOK EFFECT
>            UPON THE EXPIRATION DATE OF THE SENTENCE
>            IMPOSED ON INDICTMENT 99-639 IMMEDIATELY

It is well established under Massachusetts G.L.c. 279, Section 8A that:

> "Determination of time of taking effect of sentence; from and after sentence: For the purpose only of determining the time of the taking effect of a sentence which is ordered to take effect from and after the expiration of a previous, such previous sentence shall be deemed to have expired when a prisoner serving such previous sentence shall have been released therefrom by parole or otherwise."

"If a judge has the intention that the sentences he is imposing should be in addition to the aggregate of all previous sentences <u>he should sentence from and after the expiration of all previous sentences which the defendant has been ordered to serve</u>." <u>Henschel v. Commissioner of Correction</u>, 368 Mass. 130, 133 (1975).

In the case at bar, it is undisputed that the Judge imposed the sentence on indictment 00-338 to from and after the sentences imposed on 99-639 and 99-640, however, the sentence imposed on indictment 99-639 was one (1) year and a day, shorter than the two (2) year sentence imposed on indictment 99-640 and therefore expired one year prior to the expiration date of the sentence imposed on indictment 99-640.

Therelies the problem, and the trial Judge failed to state: "from and after the expiration of <u>all</u> previous sentences which the defendant has been ordered to serve.", as required by decisional law. Id 368 Mass. at 133.

Under Massachusetts law the Judge's failure to state from and after the expiration of all previous sentences which the defendant has been ordered to serve, required the from and after sentence imposed on indictment to take effect on the expiration date of the sentence imposed on indictment 99-639 (i.e. January 2, 2002), and the sentence on indictment 99-640 continue to run, the sentence imposed indictment 00-338 took effect upon Hernandez discharge from sentence imposed on indictment 99-639 (i.e. January 2,2002), both the sentences imposed on indictment 99-640 and 00-338 expired on or about January 4, 2003. With the sentence imposed on indictment 00-339 taking effect upon Hernandez discharge from the sentence imposed on indictment 00- 338 and expired on or about January 5, 2005.

Accordingly, Hernandez is entitled to his immediate release from all state custody forthwith.

October 28, 2005

                                                      Luis Hernandez, pro se
Box 100
South Walpole, MA 02071

## CERTIFICATE OF SERVICE

I Luis Hernandez hereby certify that a true copy of the above document was served on October 28, 2005, by first class prepaid postage upon:

        Randall E. Ravitz
        Assistant A.G.
        Criminal Bureau
        One Ashburton Place
        Boston, MA 02108

October 28, 2005                                    Luis Hernandez pro se

9

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 05-11783-RCL


LUIS HERNANDEZ
    Petitioner,

V.

JOHN MARSHALL,
    Respondent

---

### AFFIDAVIT OF LUIS HERNANDEZ

I, Luis Hernandez hereby certify and states:

1.    I am the petitioner in the above matter. And I submit this affidavit in support of my petition .

2.    On August 25, 2005 when I filled out the federal habeas corpus form, I did not have access to my criminal case file, because in April, 2004 while I was confined in Old Colony Correctional Center (OCCC) the officials at OCCC confiscated and destroyed my criminal appeal case file.

3.    Without having access to my criminal appeal case file on August 25, 2005, I was unable to insert the accurate date of my appeal and results and I refused to insert inaccurate information in the petition form, because I was required to sign the petition under the pains and penalties of perjury..

4.    In May, 2004 I complained to MCI-Cedar Junction property officer about my mising criminal appeal case file.

5. The trial court treated my State Habeas corpus petition as a summary motion, and as such, my pending appeal in the Massachusetts Appeals Court No.05-P-1490 will proceed on the normal civil appeal track. See Mass. R. App. P. 10(a)(1) and 19(a).

6. My opening appellate brief is currently due on November 29, 2005 and the Commonwealth's brief is due on December 29, 2005.

7. My current State sentence on indictment 00-338 expires on December 13, 2005, and immediately thereafter, I will be discharged from Respondent Marshall's custody, to the custody of the Hampden County Sheriff to begin serving another illegal sentence on indictment 00-339 that originally expired on January 5, 2005. (Exhibit "1").

8. On October 26, 2005 I mailed a motion to expedite appeal to the Appeals Court for filing.(Exhibit "2").

9. On October 28, 2005 I was told by the Appeals Court clerk that most likely the motion will be denied, because no briefs have been filed.

SIGNED UNDER THE PAIN AND PENALTIES OF PERJURY.

October 31, 2005

*Luis Hernandez* (signature)
Luis Hernandez

Exhibit "1"




*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*M.C.I. Cedar Junction at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts 02071*

Tel: *(508) 660-8000*  Fax: *(508) 660-8009*
*www.mass.gov/doc*

Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Kathleen M. Dennehy
*Commissioner*

James Bender
*Deputy Commissioner*

John Marshall
*Acting Superintendent*

To:     Luis Hernandez, W84653

From:   Sharon Blanchard, Records Manager    *Sharon Blanchard*

Date:   October 28, 2005

Re:     Release Date

Be advised that a Release Package has been submitted to Central Office with a projected release date of December 13, 2005.

Upon completion of your state sentence you will be released to Hampden County House of Correction.

I encourage you to contact the Treasurer's Office should you have any questions regarding your funds.

Cc:    Inmate File

EXHIBIT "2"

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS
APPEALS COURT
NO. 05-P-1490

LUIS HERNANDEZ
    Petitioner-Appellant

V.

DAVID NOLAN,
    Respondent-Appellee

---

### MOTION TO EXPEDITE APPEAL

Now comes Luis Hernandez, pro se and moves this court for anbd order expediting the appeal in this matter. On grounds:

That this action was initially filed in the trial court as a habeas corpus petition, seeking Hernandez immediate release from custody, however, the trial court treated the petition as a motion for summary judgment and summarily denied the petition without a finding of fact.

Petitioner's brief is due on November 29, 2005 and the Respondent brief is due on December 29, 2005, however, petitioner current sentence (illegally) expires on December 13, 2005.

Without an order expediting the appeal petitioner's illegal sentence will expire before the briefs are filed.

October 26, 2005

_[signature]_
Luis Hernandez
Box 100
SOuth Walpole, MA 02071

_[signature]_

2