UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
LUIS HERNANDEZ,                )
                    Petitioner    )
                                          )
v.                                        )          Civil Action No. 05-11783-RCL
                                          )
JOHN MARSHALL,                 )
                    Respondent  )
_____)


MEMORANDUM ORDER ON RESPONDENT'S
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

LINDSAY, DISTRICT JUDGE

        Before the court is a petition of Luis Hernandez for a writ of habeas corpus brought

pursuant to 28 U.S.C. § 2254.  The petitioner is an inmate presently at the Hampden County

House of Corrections ("HCHOC") as consequence of convictions in 2000 for various drug

offenses.  The petitioner claims that the respondent and officials of the Massachusetts Department

of Correction erroneously and unconstitutionally have retained him in custody because they have

misapplied the sentence imposed on him in the Hampden County Superior Court on September

25, 2000.  The respondent, has moved to dismiss the petition on the ground that the petitioner has

not exhausted available state remedies.  The respondent says, in addition, that even if I find the

claim to be not precluded by the exhaustion bar, the claim fails on its merits.[*]

---

        [*] John Marshall, Superintendent of MCI-Cedar Junction, was the original respondent.
Michael Ashe assumed official custody of Hernandez following his transfer to the HCHOC,
replacing Marshall as Respondent.  (Electronic Order Granting Motion to Substitute Party,
01/13/2006, Civil Docket, *Hernandez v. Ashe*, No. 1:05-cv-05-11783-RCL (D.Mass. 2005))

Although it does not appear that the petitioner has exhausted his state remedies with respect to the one claim he makes in the present petition, the court, exercising authority under 28 U.S.C. s. 2254 (b)(2), denies the petition on its merits.

Two sentencing dates are relevant here. On April 14, 2000, a judge sitting in the Superior Court for Hampden County, Massachusetts imposed sentences on the petitioner in connection with indictments 99-639 and 99-640, both of which alleged drug offenses. The sentence of 2½ years, imposed in connection with indictment 99-640, was ordered to run as a consecutive sentence to that imposed in connection with indictment 99-639 (two years to two years and one day). On September 25, 2000, another judge in the Superior Court for Hampden County imposed sentences in connection with two additional indictments for drug offenses, 00-338 and 00-339. The sentence imposed in connection with indictment 00-338 was for a term of between one year and one year and one day; the sentence imposed in connection with indictment 00-339 was for a term of two years to run "from and after" the sentence imposed in connection with indictment 00-338.

The petitioner claims that, in the proceedings held on September 25, 2000, the sentencing judge imposed sentences such that the sentences imposed on indictments 99-640 and 00-338 were to take effect as concurrent sentences, following the termination of the sentence imposed in connection with the indictment 99-639. By these calculations, the petitioner reckons that all of his sentences would have been served by January 5, 2005, and that he has been unconstitutionally detained since that date.

To the extent that the petitioner's claim proceeds on the premise that the sentence imposed in connection with indictment 00-338 was to be consecutive only as to the sentence

2

imposed in connection with indictment 99-639, the claim is fundamentally flawed.   Both the transcript of the sentencing hearing and the relevant docket entries show that the court ordered that the sentence imposed in connection with indictment 00-338 was "to run on and after. Indictments 99-639 *and 99-640*."  (emphasis added).  Indeed, even though the petitioner argues that the sentence imposed in connection with indictment 00-338 was to be a consecutive sentence only to that imposed in connection with indictment 99-639, the petitioner himself acknowledges that the sentence on indictment 00-338 was to run from and after the sentences were served in connection with indictments 99-639 *and* 99-640.  Pet. at page C.  ("On September 25, 2000 the Superior Court (Wernick, J.) in Hampden County Superior Court, in his oral pronouncement of the sentence, explicitly sentence [sic] Hernandez on indictment 00-338 to serve one year and one day to run on after [sic] the sentences imposed on indictments 99-639 and 99-640.")  Properly viewed, therefore, the petitioner was required by the two sentencing judges in Hampden County to serve four consecutive sentences; no sentence was to run concurrently with any other sentence. Accordingly, if, as the petitioner asserts, his sentence on indictment 99-639 expired on January 2, 2002, on that date, he would have begun to serve the 2½ year sentence imposed in connection with indictment 99-640.  That sentence would terminate around the middle of 2004, whereupon the petitioner would begin to serve the sentence of between one year and one year and one day imposed in connection with indictment 00-338.  That sentence would terminate around the middle of 2005, whereupon the petition would begin to serve the two-year sentence imposed in connection with indictment 00-339.  That sentence would conclude around the middle of the 2007.

3

Based on the foregoing, I find that the petition is not improperly detained.  The petition is dismissed.  The clerk shall enter judgment for the respondent dismissing this action.

SO ORDERED

/s/ Reginald C. Lindsay
United States District Judge

DATED: September 28, 2006